*E-Filed 9/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as TRUSTEE for HIS ASSET SECURITIZATION CORP. TRUST 2006-WMC1,<br><br>Plaintiff,<br>v.<br><br>ARTURO H. PINEDO, et al.,<br><br>Defendants._____/ | Case No. 5:09-CV-03954-RS<br><br>**REPORT AND RECOMMENDATION FOR SUMMARY REMAND** |

This case was removed from Monterey Superior Court where it was pending as an unlawful detainer action against defendants Arturo and Gloria Pinedo. For the reasons explained below, it is recommended that the case be summarily remanded to state court pursuant to 28 U.S.C. §1446(c)(4).

According to the underlying complaint, plaintiff Deutsche Bank National Trust Company acquired title to real property commonly known as 585 Hamilton Avenue, Seaside, California, through a non-judicial foreclosure sale. Deutsche Bank thereafter served a notice to quit on the Pinedos, who were the prior owners of the property, but they failed to surrender possession.

Deutsche Bank then filed this action. On August 26, 2009, the Pinedos, proceeding *pro se*, removed the matter to this Court.

Under 28 U.S.C. § 1446(c)(4), when a notice of removal is filed, the court is directed to examine it "promptly" and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." In this case, summary remand is, in fact, appropriate. The Pinedos assert the action is removable both on the basis of diversity of citizenship and as the result of a purported federal question. However, 28 U.S.C. § 1441(b) provides unequivocally that state court actions are removable on the basis of diversity of citizenship "only if none of the . . . defendants is a citizen of the State in which such action is brought." Here, the Pinedos have specifically alleged in their notice of removal that they are citizens of California. Notice of Removal at 2. It necessarily follows that they lack the right to remove the action from a California state court based on diversity.

The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002).[1] Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* The fact that a federal question may be implicated by matters raised in an answer or counterclaim is insufficient. *Id.* at 831.

Here, the notice of removal asserts there is a federal question in the following words:

> The grounds for such removal is being based on claims 'arising under' FEDERAL LAW Namely, as to Federal Jurisdiction resulting from the Moving Party's Discovery Request and Demands for: 'THE ORIGINAL BLUE INKED PROMISSORY NOTE', (PLEASE SEE NEGATIVE AVERTMENT ATTTACHED TO THIS COMPLAINT EXHIBIT A), and as to identify the statutory basis for the discovery request/demands and other claims.

Notice of Removal at 2.

The allegations in the Pinedos' "negative averment" are far from clear, but appear to be an attempt to challenge the foreclosure either on the basis that the original promissory note has not been produced, or because the lender allegedly refused to accept the Pinedos' tender of a "note" in

---

[1] The rule applies equally to evaluating the existence of federal questions in cases brought initially in this court and in removed cases. *Id.* at n. 2

2

satisfaction of the debt, in lieu of payment in money.[2]  It is doubtful that the allegations are sufficient to state a claim, much less a federal claim.[3] It is beyond dispute, however, that the matters alleged by the Pinedos are, at best, in the nature of defenses or counterclaims, and thus do not support removal jurisdiction even if they somehow could be understood to implicate a federal question.

Finally, the notice of removal conclusorily asserts that the underlying unlawful detainer complaint pleads claims arising under law.  Notice of Removal at 2.  It does not.  Rather, it is simply and only a complaint for possession, restitution, and damages under the provisions of California state law applicable to unlawful detainer actions.  Thus, there is no federal question basis for removal.

Accordingly, it is recommended that this case be summarily remanded to Santa Clara County Superior Court.  Any party may file objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and Local Rule 72-3.

Dated: September 18, 2009

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE

---

[2] The Pinedos contend that "Lawful Money is no longer available for payment of debt in our economic system."

[3] Passing references to "admiralty" and "racketeering" are unsupported by any facts showing the existence of a claim in admiralty or under federal racketeering laws.

3